McArthur HARRIS, Petitioner-Appellant,

v.

STATE OF ALABAMA, Respondent-Appellee.

No. 28797

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 23, 1970.

McArthur Harris, pro se.

MacDonald Gallion, Atty. Gen., State of Alabama, Walter S. Turner, Asst. Atty. Gen., Montgomery, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

■ This is an appeal from the district court's denial of habeas corpus relief to a prisoner of the State of Alabama, without an evidentiary hearing, on grounds of failure to exhaust state remedies.[1] We vacate the judgment below and remand the case.[2]

The appellant was convicted of robbery upon trial by jury. The judgment was affirmed upon direct appeal. Harris v. State, 1968, 44 Ala.App. 449, 212 So.2d 695, cert. den. 282 Ala. 726, 212 So.2d 704.

■ Appellant then filed a petition in his trial court for coram nobis relief, which was denied on December 31, 1968. The appellant had six months thereafter in which to take an appeal, but he did not do so. Instead, on July 7, 1969, he filed a petition for habeas corpus in the United States District Court, which is the subject of this appeal.

The district court denied the habeas corpus petition stating: "Exhaustion of state remedies requires an appeal from a trial court denial on an application for a writ of error coram nobis". We are of the opinion that the district court

1. 28 U.S.C.A. § 2254.

2. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

erred in denying the petition on the grounds of failure to exhaust state remedies. The appellant is now, and has been since the lapse of six months from the denial of his first petition for coram nobis relief on December 31, 1968, entirely without any effective remedy in the courts of Alabama.

This court has previously considered the exhaustion principles and the effectiveness of refiling a petition for coram nobis relief in the Alabama courts. Bell v. State of Alabama, 5 Cir., 1966, 367 F.2d 243, and Lizana v. State of Alabama, 5 Cir., 1968, 394 F.2d 512. Under the teachings of these cases, an evidentiary hearing is required even though petitioner failed to appeal from the denial of his coram nobis petition within the six-months-period.

Reversed and remanded for further proceedings.