Julius HAIRSTON, Petitioner-Appellant,

v.

STATE OF ALABAMA, Respondent-
Appellee.

No. 71–2918

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 27, 1972.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

Roderick P. Stout, Mobile, Ala., for petitioner-appellant.

William J. Baxley, U. S. Atty., John A. Yung, IV, Montgomery, Ala., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

As this appeal from denial of habeas corpus percolates to us the substantive question is whether petitioner-appellant had counsel at the time he withdrew his former plea of not guilty and entered a guilty plea to an Alabama charge of burglary. The Federal District Court, although going to the brink of squarely holding absence of counsel, stopped short by his determination that petitioner had failed to exhaust his state remedies. We hold the Judge erred in this assessment which brings into play the question of what should now be done. In this roundabout fashion we determine that the record which needs no more amplification compels a finding of the absence of counsel so the Writ must conditionally issue. We reverse.

### How The Case Got Here

Petitioner pleaded guilty on March 20, 1963, to burglary in the first degree. No direct appeal was taken to an appropriate Alabama court of review. Subsequently, Petitioner filed for a Writ of Error Coram Nobis claiming, inter alia, that he was denied effective representation of counsel. Relief was denied by the Circuit Court of Mobile County, Alabama, on May 26, 1970. No appeal was taken from that denial.

On May 24, 1971, Petitioner filed a pro se petition for Federal Habeas Corpus relief. The District Court appointed counsel and an amended petition was filed. The sole ground for relief asserted in the amended petition was the absence of counsel when petitioner pleaded guilty.

After the state replied to the Show Cause order, an evidentiary hearing was held. The sole issue at the hearing was

whether or not Defendant was represented by counsel at his pleading.

### No Counsel Present On Guilty Plea

For reasons we point out, the evidence that he was not represented is not merely substantial—it is overwhelming.

An attorney did appear for Defendant at a February 1, 1963, arraignment, where the Defendant pleaded Not Guilty, but this attorney testified that he did *not* represent Defendant at the March 20, 1963, hearing where Defendant withdrew the original plea and pleaded guilty. The docket sheet shows the appearance of counsel at arraignment, but none at the March 20 hearing. In fact, the docket sheet shows no other attorney to have appeared for Defendant at any time.[1] The official minute entry of the judgment gave no indication that Defendant was represented by counsel. To the contrary, the entry reads, "This day in Open Court came the State of Alabama by its solicitor and the Defendant *in his own proper person* * * * ."[2] Petitioner's court files show no order appointing counsel to represent him. Additionally, the Defendant testified affirmatively that he was not represented by counsel at the hearing where he pleaded guilty.

In fact, the only evidence to suggest even faintly the slightest whisper of a hint that Defendant might have been represented by counsel is a hearsay carbon copy of a pay voucher authorizing payment of $100 to another attorney for allegedly representing the Defendant on the day in question. That attorney was not called by the State at the Federal evidentiary hearing and not even so much as an affidavit from him was introduced into evidence. As already explained, the docket sheet does not reflect this attorney's presence—or any other's. There is no order appointing him—only the hearsay carbon copy of the pay voucher.

On that evidence we would be required as a matter of law to declare clearly erroneous any pronouncement that Defendant was represented by counsel at this "trial" held only two days after Gideon v. Wainwright[3] was decided. Difficult as it is to establish a negative proposition, Petitioner has adequately done so, for he has shown, as a matter of law, that he was not represented by counsel at the March 20 hear-

---

1. The docket is particularly revealing:
 "Case 8219, State of Alabama against Julius Hairston, February 1, 1963. Defendant waived arraignment and pled not guilty. Trial set for March 20, 1963. Copy of indictment served on the Defendant.
 Mr. William Grayson represented Defendant on arraignment. William B. Bowling, Judge.
 March 20, 1963, Defendant withdrew plea of not guilty and pled guilty to burglary in the second degree. Adjudged guilty of burglary in the second degree. Sentenced to imprisonment in the Penitentiary of the State of Alabama for a term of five years, all done upon recommendation of the Police authorities and joined in with the State Solicitor. W. C. Taylor, Judge.
 Motion filed by the Defendant, September 14, 1970 to be credited with time served on sentence.
 March 11, 1971, motion filed by Defendant, September 14, 1970 to be credited with time served on sentence. Denied. Robert Hodnet, Judge."

2. The official minute entry was read into the record by the County Clerk.
 "This day in open Court came the State of Alabama by its solicitor and the Defendant in his own proper person and the Defendant in open Court on this day withdrew his plea of not guilty to the indictment in this case and plead guilty to burglary in the second degree. Thereupon in open Court on this day, *the Defendant being asked by the Court* if he had anything to say as to why the judgment and sentence of the law should not be passed upon him replied that he had not, enquote. It is therefore considered and adjudged by the Court that the Defendant is guilty as charged in the indictment and that the State of Alabama, for the use of Mobile County, have and recover of the Defendant the cost of this prosecution and the Defendant be imprisoned in the State of Alabama for the term of five years."

3. Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

ing. Indeed, as we discuss later the District Judge, although denying habeas, declared that it "was questionable whether Petitioner was represented by counsel" (note 6, *infra*).

■ In many respects the case is markedly similar to Craig v. Beto, 5 Cir., 1972, 458 F.2d 1131. In *Craig*, the only evidence offered to contradict the petitioner's allegation that he did not waive his right to counsel before pleading guilty to a burglary charge was a copy of the docket sheet of the 1951 proceeding which asserted, "Defendant stated that he did not desire Counsel and wanted to plead." This Court held that evidence insufficient to support a finding of intelligent and understanding waiver of counsel, particularly because "the evidence relied upon to controvert Craig's direct testimony is in the nature of hearsay." 458 F.2d 1136. On that approach, we are compelled to conclude that Hairston has sustained his burden of demonstrating that he was not represented by counsel when he pleaded guilty.

## Obstacles To Relief

Only three impediments to relief are available or urged, one going in indigency[4] the other two being branches of failure to exhaust.

### Failure To Exhaust

There are two aspects to the exhaustion contention. One is the failure ever to assert non-representation, now urged by the State as its sole ground. The other, adopted by the Federal habeas corpus Court is the failure to appeal the coram nobis decision.

(i) Does *Mis* Include *Non*-Representation?

Alabama's sole contention on appeal —unfortunately never presented to the Court below—is that Petitioner has never sought coram nobis relief in the Alabama Circuit Court on the precise claim urged here—absence of counsel at his guilty plea.

■ Admittedly, the previous coram nobis petition specifically alleged *ineffective* representation of counsel—not denial of counsel. Nevertheless and despite the fact that Petitioner's pro se application for coram nobis relief might have characterized his claim inartfully by phrasing it in terms of ineffective representation of counsel,[5] a resolution of that claim adverse to Petitioner nec-

4. Although essential to the claim is Petitioner's indigency, Kitchens v. Smith, 1971, 401 U.S. 847, 848, 91 S.Ct. 1089, 1090, 28 L.Ed.2d 519, 521, we find ample justification in the record to establish this. In fact, the State does not now and never has suggested to the contrary. Indeed, the State's whole theory below was based on the contention that Defendant was represented by *appointed* counsel. Its only evidence was a pay voucher purporting to indicate that the State of Alabama, not the Defendant, had paid for this representation. The attorney who represented Defendant at arraignment testified affirmatively that he did not receive a fee. Additionally, appointed counsel specifically explained in his opening statement at the Federal habeas evidentiary hearing that Petitioner was relying on and invoking "the guidelines and mandates of the Supreme Court case of Gideon versus Wainwright." The State made no effort whatever to contradict this contention. "No part of its case went to the issue of indigency." *Kitchens, supra,* 401 U.S. at 848, 91 S.Ct. at 1090, 28

L.Ed.2d at 521. Rejecting, as did the Supreme Court, "rigid rules of testimonial construction" in these cases, *Id.,* we must conclude that Defendant's indigency was established.

Thus under the principles enunciated in *Kitchens, supra,* it is apparent that Petitioner is entitled to appropriate relief.

5. Since absence of counsel might well appear to the defendant to be the most "ineffective" representation possible, it is understandable how a pro se petitioner may have sought to raise the denial of counsel point by phrasing it in terms of "ineffective representation." At all events, and particularly in view of the principle allowing prisoner petitions to be construed with great liberality, (see, e. g., Birchfield v. United States, 5 Cir., 1961, 296 F.2d 120) the Alabama courts, in passing upon Petitioner's claim of ineffective representation of counsel, were certainly obliged to consider whether or not defendant was in fact represented by counsel.

essarily presupposes a rejection of a denial of counsel claim. If Alabama is convinced that counsel was effective, it must be satisfied that counsel was provided for the indigent defendant. A determination that representation by counsel was effective necessarily determines that there was representation in fact. Having considered the effectiveness of counsel, the Alabama courts certainly had the opportunity—in fact the responsibility—to make an initial determination of whether or not petitioner was in fact represented by counsel. The exhaustion principle and the comity concept require no more.

### (ii) Failure To Appeal Coram Nobis

As we stated, the Federal habeas corpus Court, after declaring that it was "questionable whether Petitioner was represented by counsel," aborted any further consideration of the case, by dismissing instead for failure to exhaust state remedies.[6] It is apparent this action was based on Petitioner's failure to take an appeal from the Alabama Court's denial of coram nobis. Here the District Court erred. Bell v. Alabama, 5 Cir., 1966, 367 F.2d 243; Lizana v. Alabama, 5 Cir., 1968, 394 F.2d 512; Harris v. Alabama, 5 Cir., 1970, 429 F.2d 1236.

In the first place, the exhaustion principle is one of comity, not jurisdiction. Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Whippler v. Balkcom, 5 Cir., 1965, 342 F.2d 388, 390; Bell v. Alabama, *supra*. Although this Court is committed to the proposition that the responsibility for determining compliance with constitutional standards ought first to be on the state concerned so that state post-conviction facilities should be fully exploited,[7] with Alabama having been afforded the opportunity of testing out the claim of *mis* and *non*-representation in her own Courts there is no need to go back again. "Neither the statute nor the spirit of needed comity behind it requires such a formalistic waste of precious judicial energy, state or federal. Adaptation in efficient judicial administration suggests no less." Reed v. Beto, 5 Cir., 1965, 343 F.2d 723, 725.

Secondly, as was made crystal clear in Fay v. Noia, *supra*, the "only remedies which must be exhausted are those effective[8] state remedies which

---

6. The District Court's entire order was as follows:

 "This matter comes on to be heard on the petition of Julius Hairston for writ of habeas corpus. The Court received testimony at a hearing on July 20, 1971.

 While it is questionable whether petitioner was represented by counsel at the time he entered his plea of guilty on March 20, 1963, this Court is unable to act on the evidence heard because petitioner apparently has not exhausted his state remedies.

 The petitioner was adjudged guilty of second degree burglary on March 20, 1963, from which no appeal was taken. Petitioner's petition for writ of error coram nobis was denied by the Mobile County Circuit Court on May 26, 1970, from which no appeal was taken. In this case the appellate courts of the State of Alabama have not been given the opportunity to review the action of the trial court. Accordingly, this Court cannot exercise jurisdiction over petitioner. 28 U.S.C.A. § 2254.

 If any record does exist showing petitioner has in fact appealed either his conviction itself or the writ of error coram nobis, the Court would be willing to hear such evidence.

 Accordingly, it is ORDERED, ADJUDGED and DECREED by the Court that the petition for writ of habeas corpus should be and hereby is DENIED."

7. See, e. g., Fitzgerald v. Wainwright, 5 Cir., 1971, 440 F.2d 1049; Davis v. Smith, 5 Cir., 1970, 430 F.2d 1256 (especially at 1258 n. 3); Henderson v. Dutton, 5 Cir., 1968, 397 F.2d 375; State of Texas v. Payton, 5 Cir., 1968, 390 F.2d 261; Boyer v. Orlando, 5 Cir., 1968, 402 F.2d 966.

8. See, e. g., Bartz v. Wainwright, 5 Cir., 1971, 451 F.2d 663; Williams v. Wainwright, 5 Cir., 1971, 452 F.2d 775; Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Thomas v. Decker, 5 Cir., 1970, 434 F.2d 1033; Malone v. Wainwright, 5 Cir., 1970, 433 F.2d 927; Hill v. Beto, 5 Cir., 1968,

**680**

are presently available * * * ." Bell v. Alabama, *supra*, 367 F.2d at 248. We are convinced that Appellant is now without any effective remedy in the State courts of Alabama.[9]

 We can borrow fully what Judge Tuttle has written for us in Bell v. Alabama, *supra*. "Under Alabama law, an appeal from a criminal conviction must be taken within six months. Code of Ala., Title 15, Section 368. * * * A denial of a petition for *coram nobis* relief may be appealed in Alabama. Ex parte Keene, 275 Ala. 197, 153 So.2d 631 (1963). Here again, the appeal must be taken within six months, and 'the matters adjudicated on hearing of a *coram nobis* application are *quasi res judicata*, i. e., repeated applications or petitions merely resting on the same allegations should not be entertained.' Allen v. State, 42 Ala.App. 9, 150 So.2d 399, 401 (1963). * * * The right of appeal is considered a creature of statute in Alabama, and the statutes granting it are strictly construed. The insistence of the appellate courts of that state upon meticulous observance of procedural niceties (including time limits) in the taking of appeals is well demonstrated in Albert v. State, 274 Ala. 579,

150 So.2d 198 (1962), and Relf v. State, 267 Ala. 3, 99 So.2d 216 (Ala.1957). * * * Thus, it is apparent that once the six month time limit for appealing the denial of [appellant's] first *coram nobis* petition expired, there was no way to obtain appellate review of the contentions presented therein in the courts of Alabama. Since the findings of such proceedings are '*quasi res judicata*' in Alabama, an appellate court would not reach the merits in an appeal from the denial of a subsequent *coram nobis* petition based on the same grounds alleged in the first. The Court of Appeals of Alabama has indicated that the failure to appeal the first such denial constitutes grounds for refusal of appellate review in subsequent proceedings. Ex parte Allison [42 Ala.App. 507], 169 So.2d [436], at 437 (1964)" 367 F.2d at 248–249.

 Thus the issue of *non*-representation has been presented to the Alabama Courts and by the operation of Alabama's doctrine of *"quasi res judicata"*, Petitioner was without any effective state remedy at the time he filed his federal claim.

 Consequently, the guilty plea must be vacated. And unless the State

---

390 F.2d 640, cert. denied, 393 U.S. 1007, 89 S.Ct. 491, 21 L.Ed.2d 472.

9. We do not have a question of deliberate by-pass. Of course, "the federal habeas corpus judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state court and in so doing has forfeited his state court remedies." Fay v. Noia, *supra*, 372 U.S. at 438, 83 S.Ct. at 849, 9 L.Ed.2d at 869.

"But we wish to make very clear that such a deliberate by-pass. And although discretion is permitted under the following Fay v. Noia standards, a finding of a deliberate by-pass would have been suspect since there is absolutely nothing in the record to indicate that the decisions not to appeal constituted "the considered choice of the petitioner":

"But we wish to make very clear that this grant of discretion is not to be interpreted as a permission to introduce legal fictions into federal habeas corpus. The classic definition of waiver

enunciated in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461—"an intentional relinquishment or abandonment of a known right or privilege"—furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default. Cf. Price v. Johnston, 334 U.S. 266, 291, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356."

Fay v. Noia, *supra*, 372 U.S. at 439, 83 S.Ct. at 849, 9 L.Ed.2d at 869.

commences prosecution of the case within 90 days [10] the Writ shall issue.[11]

Reversed and remanded.

10. The appropriate relief in this case, by analogy to Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, would be the opportunity to plead anew, this time represented by counsel. If Petitioner this time chooses to plead Not Guilty, a full new trial will be required.

11. Our holding in this case is reinforced by the very recent ruling of the Supreme Court in Boyd v. Dutton, 1972, 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755. Although the Court in *Boyd* remanded for an evidentiary hearing to develop more facts surrounding the petitioner's alleged waiver of counsel, the Court's very strong pronouncement that an accused "has an unconditional and absolute constitutional right to a lawyer" at a guilty plea convinces us that the record in this case simply cannot support a finding that counsel was provided or present.