**Lynnwell SMITH, Petitioner-Appellant,**

**v.**

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71–3190.**

United States Court of Appeals,
Fifth Circuit.

Oct. 20, 1972.

---

Thomas P. Goranson, Dallas, Tex. (court appointed), for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Tex., Dunklin A. Sullivan, Austin, Tex., for respondent-appellee.

Before DYER, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM.

■■ This is an appeal from the denial of Smith's petition for a writ of habeas corpus. The state court, at its post-conviction hearings, did not have before it the statement of facts, or transcript, from the original trial. Neither did the district court; nor did it hold an evidentiary hearing. A copy of the trial transcript was obtained during the course of this appeal, and counsel for both parties stipulated that the transcript contains evidence which may be relevant concerning whether involuntary, incriminating statements made by Smith were used for any purpose in his trial. We must therefore remand the case for further proceedings. As the Supreme Court said in Townsend v. Sain, 1963, 372 U.S. 293, 318–319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770:

"A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record. Ordinarily such a record—including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings."

■ If, after reviewing the original trial transcript and all other evidence in the record, the district court determines that the evidence is insufficient to reach a decision in this case in accordance with the *Townsend* guidelines, then it is directed to conduct a full evidentiary hearing.

Reversed and remanded.