**Early LOWE, Petitioner-Appellant,**

**v.**

**STATE OF ALABAMA, Respondent-Appellee.**

No. 73-3605.

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1973.

---

Early Lowe, pro se.

William J. Baxley, Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Petitioner's pro se applications for a certificate of probable cause, and for leave to appeal in forma pauperis are granted, and the appeal is docketed.

This state prisoner's habeas petition alleges a number of constitutional defects in his arrest, indictment, trial and conviction the nature of which are such that examination of the state trial record, examination of the record of the evidentiary hearing in petitioner's state habeas action, or an evidentiary hearing in the District Court would be appropriate. See Smith v. Beto, 467 F.2d 1374, 1375 (CA5 1972); Gerzin v. Beto, 459 F.2d 671 (CA5 1972). As best we can determine, however, the District Court did not hold an evidentiary hearing and had before it neither the state trial court record nor the state evidentiary hearing record. If so that court did not conduct the requisite independent inquiry into petitioner's constitutional claims. See Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

Petitioner's application for appointment of counsel on appeal is denied.

The order of the District Court denying appellant's habeas petition is vacated and the case is remanded for further consideration.[1]

---

1. It is appropriate to dispose of this case summarily. See Groendyke Transportation, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158.