489 F.2d 1040
 Dolphus Jack BROWN, Plaintiff-Appellant,
v.
Clarence JONES, Sheriff of Dallas County, Texas, Defendant-Appellee.
No. 73-3256 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Feb. 22, 1974.
 
 Joseph A. Calamia, John L. Fashing, El Paso, Tex., George E. Gilkerson, Travis D. Shelton, Lubbock, Tex., Phil Burleson, Dallas, Tex., for plaintiff-appellant.
 John L. Hill, Atty. Gen., Austin, Tex., Larry York, First Asst. Atty. Gen., Joe B. Dibrell, W. Barton Boling, Asst. Attys. Gen., El Paso, Tex., for defendant-appellee.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The District Court denied a writ of habeas to a Texas state prisoner on the sole basis of the opinion of the Texas Court of Criminal Appeals rendered on petitioner's direct appeal from his conviction. The habeas judge did not have before him the record of the proceedings in the Court of Criminal Appeals or the trial transcript.[1]
 
 
 
 [1]
 The order denying the petition states that the court has 'examined the proceedings before the Court of Criminal Appeals,' that the opinion of that court correctly sets forth the law on the matters involved, and that it 'finds from this record that none of Petitioner's constitutional rights have been violated.' After the entry of this order petitioner filed a request with the District Court stating that the decision had been rendered based on the opinion of the Court of Criminal Appeals and asking leave to file as exhibits to be available to the Fifth Circuit Court of Appeals the 'Record on Appeal in the Court of Criminal Appeals' which, the motion stated, had not been before the habeas judge. The habeas judge granted that motion but included in his order a statement that he did not consider the said Record necessary to dispose of the case. From this course of events we deduce that the denial was based solely upon the opinion of the Court of Criminal Appeals and without examination of the Record