**Lehman S. ELLIOTT, Petitioner-Appellant,**

**v.**

**STATE OF ALABAMA, Respondent-Appellee.**

No. 74-1159

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 16, 1974.

Lehman S. Elliott, pro se.

William J. Baxley, Atty. Gen., John M. Gruenewald, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

The district court denied the petition of the appellant, an Alabama state prisoner, for the writ of habeas corpus. We vacate the judgment below and remand for further proceedings.

Appellant was arrested in December of 1964 and was charged with first degree murder for the slaying of his wife. At his preliminary hearing he entered pleas of not guilty and not guilty by rea-

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

son of insanity. The court appointed three attorneys to represent him. Appellant was subsequently convicted on a plea of guilty of second degree murder and sentenced to thirty years imprisonment.

Appellant applied for a writ of error coram nobis in the state court. After an evidentiary hearing, relief was denied. No appeal was taken. Prior to the evidentiary hearing, appellant filed his first habeas petition in the federal district court. This petition was denied because state proceedings were pending. A second habeas petition was filed in which appellant alleged that he was denied counsel at his preliminary hearing and that he was denied an appeal from the denial of coram nobis relief. Relief was denied and no appeal was taken.

Appellant then filed this present petition in the court below alleging that on the first day of his trial he was kept in the judge's chambers; that on the second day he was seated in the courtroom, but away from the defense table; that counsel entered a guilty plea without consulting him and without his consent; and that when he attempted to protest, another of his counsel silenced him. He also contended that the trial court erred in not conducting a sanity hearing in light of his insanity plea and his having spent three years in a Maryland asylum. The district court denied the petition finding from the transcript of the coram nobis hearing that the hearing was a full and fair one and that the state court's findings of competent counsel and voluntary guilty plea were supported by the evidence.

■ Although appellant did not appeal from the denial of coram nobis relief, the time for such appeal has elapsed leaving him without a further remedy in the Alabama state courts. There is no question of a deliberate bypass. State remedies have been exhausted. Hairston v. State of Alabama, 5th Cir. 1972, 465 F.2d 675; Harris v. State of Alabama, 5th Cir. 1970, 429 F.2d 1236; Lizana v. State of Alabama, 5th Cir. 1968, 394 F.2d 512.

■ A review of the records before this Court reveals nothing of the guilty plea proceedings. There is no transcript of those proceedings and there are no written waivers of trial by jury to show that the waiver was voluntarily and understandingly made. The transcript of the coram nobis hearing contains only applicant's testimony, the testimony of other parties not being included. Clearly, the district court did not have before it sufficient evidence to support its findings of fact. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Brown v. Jones, 5th Cir. 1974, 489 F.2d 1040; Smith v. Beto, 5th Cir. 1972, 467 F.2d 1374; Cancler v. Henderson, 5th Cir. 1972, 460 F.2d 1261. Furthermore, the alleged circumstances surrounding applicant's guilty plea render it questionable. He apparently was jailed for at least 14 months before trial and had a history of mental illness. These, with his other allegations, raise a serious question of the voluntariness of his guilty plea. We therefore vacate the judgment below and remand to allow the district court to accumulate evidence by whatever means appropriate in order to determine the accuracy of appellant's allegations.