Eugene ANDERSON, Petitioner-Appellant,

v.

STATE OF TEXAS, Respondent-Appellee.

No. 74–3789
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1975.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Eugene Anderson, pro se.

John L. Hill, Atty. Gen., Austin, Tex., W. Barton Boling, El Paso, Tex., for respondent-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

The judgment denying habeas corpus relief must be vacated because the district court acted without reviewing petitioner's state trial transcript and did not hold an evidentiary hearing.

In his *pro se* petition appellant has contended that he was denied a fair and impartial trial because the prosecutor allegedly read into evidence the contents of two letters from him to his co-defendant, written while both were incarcerated in jail pending their trial. Appellant asserts that the letters were wrongfully obtained and that their use was so prejudicial that the jury's objectivity was tainted in a way that could not be undone even by a contemporaneous objection.[1]

Without the benefit of a response or appellant's state trial record, the district court summarily denied relief in an order which fails to define the court's reasons for its action. We can only conclude that the denial of relief was based upon an adoption of the factual conclusions reached by the Texas Court of Criminal Appeals in its opinion affirming appellant's conviction, Anderson v. State, Tex.Cr.App., 1973, 495 S.W.2d 896.

While Section 2254(d) of Title 28 provides that state court findings of fact shall be presumed correct by the federal habeas corpus court, subsection 8 requires that the record which formed the basis of the state court's determination must be before the federal court to properly invoke the presumption.

We therefore vacate the district court's judgment and remand the cause for the requisite independent inquiry into appellant's claimed constitutional deprivation. Brown v. Jones, 5 Cir., 1974, 489 F.2d 1040; Lowe v. Alabama, 5 Cir., 1973, 487 F.2d 337. In his brief filed with this Court, appellant raises several additional habeas contentions. Since the newly presented issues were not part of the district court proceedings, they will not be considered on appeal. In view of this Court's disposition of the appeal, appellant's motion for appointment of counsel for appellate purposes is denied.

Vacated and remanded.

---

1. The Texas Court of Criminal Appeals described the letters as containing instructions concerning the co-defendants' testimony to be given at petitioner's trial. That court also determined that no objection was made at the time the letters were read.