# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 95-40490
Summary Calendar

**JOHN HOBERT ROSS**

Petitioner-Appellant

v.

**GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,**

Respondent-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
(6:93-CV-596)

March 15, 1996

Before WISDOM, DAVIS, and STEWART, Circuit Judges,

PER CURIAM:[*]

Petitioner-appellant, John Hobert Ross, appeals the dismissal of his petition for *habeas corpus* relief, in which he alleged that his trial attorney was ineffective for failing to perfect an appeal on his behalf. We have reviewed the record and the reasons for dismissal given by the district court, and find no reversible error.

We first hold that the district court properly accorded a presumption of correctness to the state trial court's factual findings on this matter. Contrary to Ross's assertion, the district court need

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published, and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

not review the "whole" record of the state court proceedings. Instead, the district court need only review the portions of the record that actually formed the basis of the trial court's factual findings, and determine if that portion of the record "as a whole" supports the conclusions.[1] Over the course of its two hearings on this matter, the district court reviewed all the relevant portions of the state trial court record, and properly found that those portions of the state court record supported that court's factual determinations regarding Ross's waiver of his right to appeal.

Additionally, we find that the district court applied the correct legal standard to those factual findings. The district court properly relied on this court's holding in *Childs v. Collins,*[2] in which the court held that "the duty of counsel to perfect an appeal on behalf of a convicted client arises, not upon conviction, but when the client makes known to counsel that he wishes to appeal."[3] Ross's assertion that a defendant must make an affirmative waiver of his right to appeal is contrary to the precedent of *Childs.*[4] The state court's findings of fact indicate that Ross was fully informed of his right to appeal, but did not ask his counsel to do so. Accordi ngly, the district court properly determined that Ross had waived his right to appeal, and had not suffered from ineffective assistance

---

[1]  28 U.S.C. § 2254(d)(8); *Anderson v. Texas,* 507 F.2d 105 (5th Cir. 1975).

[2]  995 F.2d 67, 69 (5th Cir.), *cert. denied,* 114 S. Ct. 613 (1993).

[3]  *Id.* at 69.

[4]  Ross argues that the proper legal standard is set forth in *Martin v. State of Texas,* 694 F.2d 423 (5th Cir. 1982), in which this court determined that a defendant did not implicitly waive his right to appeal where the defendant had been lead to believe that counsel was only available if he could afford it. *Id.* at 426. *Martin* is distinguishable from the present case, however, because unlike the defendant in *Martin,* Ross was properly informed of his right to appeal. As such, an implicit waiver may be presumed from his failure to tell his counsel he wished to pursue an appeal. *See Childs,* 995 F.2d at 69 (an appeal is a positive right in that an appellant may not let the matter rest and then claim that he did not waive his right to appeal).

of counsel.  We AFFIRM the dismissal of Ross's petition.