252 So.2d 662

**STATE**

v.

**Joseph E. BIBBY, alias.**

**7 Div. 108.**

Court of Criminal Appeals of Alabama.

Aug. 17, 1971.

Rehearing Denied Sept. 14, 1971.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

Simmons, Torbert & Cardwell, and William D. Hudson, Gadsden, for defendant.

CATES, Judge.

Purported appeal from a judgment (rara avis-mirabile dictu) granting a new trial after a hearing on a coram nobis petition. The appellee has moved us to dismiss because the law makes no provision for appeals in such cases by the State.

The State resists the motion to dismiss citing State v. Willis, 42 Ala.App. 414, 166

So.2d 917. Whatever might be said of the *Willis* opinion (from which the writer dissented) it is patent that therein no motion to dismiss was presented to this court.

We consider the appellee's motion to dismiss is well taken. Our writ of error coram nobis, was resurrected from limbo per Gardner, C. J.'s going to Florida. In this posture we consider it proper to advert to Lamb v. State, 91 Fla. 396, 107 So. 535, where we find:

"\* \* \* If the writ is granted, a trial is had in due course of law on the issue made as to the existence of the particular facts; and if found for the plaintiff in the writ, the court determines whether such facts are sufficient to cause the judgment of conviction to be vacated; but the judgment of conviction is not set aside or affected unless and until a valid judgment for the plaintiff in the writ of error coram nobis is rendered in due course of legal procedure. If the writ is denied, the petitioner may take a writ of error in due course. Should a final judgment against the defendant be rendered at the trial on the writ of coram nobis, he may take a writ of error to the appellate court to review the judgment. As the law now stands, if the trial court erroneously grants a writ of coram nobis the state has no right to an appellate review of such order.

"The security of the state's judgment of conviction lies in the faith that the trial court will not grant a writ of error coram nobis except upon a proper and sufficient showing of essential facts duly made by competent legal and adequate evidence and by testimony under the oaths of the defendant and of counsel who are responsible to the court for the propriety of their action. \* \* \*"

Ex parte Wilson, 275 Ala. 439, 155 So.2d 611 denied review by way of writ of error[1] to a circuit court which had refused relief by way of coram nobis. Citing Brown v. State, 250 Ala. 444, 35 So.2d 518 our Supreme Court described coram nobis—even though to reexamine a criminal judgment—as a new civil suit.

Also cited is Allen v. State, 42 Ala.App. 9, 150 So.2d 399 wherein we held that, unlike other civil appeals, a review of denial of coram nobis did not require assignments of error or briefs. Treating coram nobis solely as a civil proceeding, then appeals from either the granting or the denial of the writ logically should be appealable under Code 1940, T. 7, §§ 754, 766, 767 if taken within the six months conferred by T. 7, § 788.

However, the life of the Law has not been logic but experience. For if coram nobis were a simon pure civil proceeding its consequent appeals would go to the Court of Civil Appeals. Also assignments of error would be mandatory.

■ We allow an appeal from a judgment which *denies* coram nobis because such judgment is finally dispositive of all litigation (except for habeas corpus where jurisdiction has been exceeded) after a judgment of conviction has become final. A judgment, *granting* coram nobis is only interlocutory in that it merely restores the indictment to the docket for a new trial. See T. 7, § 754, supra; Broyles v. Maddox, 43 Ala. 357.

The Supreme Court of Georgia in State v. Jones, 7 Ga. 422, where a writ of error (sought by the State to revise the quashal of an indictment) was dismissed on motion, said:

"\* \* \* In criminal trials, the State —the supreme authority—that authority which makes the law, and prescribes its penalty, and executes its judgment— moves against the citizen. The Court, the Jury and the Solicitor General are its agents. The State is not a party— the State is rather an accuser—she charges crime, arrests, tries, convicts and

---

1. See also Baxter v. State, 42 Ala.App. 544, 171 So.2d 107.

executes. In criminal causes, the State through her agents, is the judge who tries the accused. In civil cases she stands aside and leaves the parties to litigate upon equal terms before a tribunal independent of both. Thus unequally do the State and the defendant enter upon an issue, the result of which may involve the liberty or life of the one, and no *sensible* consequence to the other. Viewed in this light, it is a concession in behalf of the defendant, both humane and reasonable, that the *State* should not review her own errors—that she should decide but once. If it were not essentially, in all cases, just, yet it is still expedient. It is a salutary precaution in favor of the citizen against an abuse of the sovereign authority; for history teaches the melancholy truth, that however fenced and guarded, limited and defined, by laws or usages, it sometimes breaks over all these barriers, defies the sentiment of the world, and in the name of the law violates justice and outrages humanity. The reign of the Stuarts in England, illustrates these views: that *the State* will not, in this signally favored country, thus abuse its powers, is not only hoped but believed. Vigilant for right and liberty, we will not trust her, but hold her steadily to the just limitations within which the wisdom of other States and past generations have circumscribed her."

■ Furthermore, there is no inherent or inalienable right of appeal. Appeals (aside from the altogether different "appeals of felony") were unknown to the Common Law at the time of the migration of our forebears. Hence, it has become a familiar saw among legal writers to say that appeals are solely the creatures of statute. Indeed the Supreme Court of North Carolina has said:

"* * * The State cannot appeal in either civil or criminal cases except upon statutory authority." In re Halifax Paper Co., Inc., 259 N.C. 589, 131 S.E. 2d 441.

The Supreme Court of Oregon in State v. Endsley, 214 Or. 537, 331 P.2d 338 treated coram nobis as criminal and held judgments non appealable by either party. See also Wetzel v. State, 225 Miss. 450, 76 So. 2d 194.

Before 1880 the prisoner alone was given the right to appeal. State v. Hewlett, 124 Ala. 471, 27 So. 18. Thereafter, what is now Code 1940, T. 15, § 370 allowed the "solicitor" to take an appeal on behalf of the state when an act of the legislature (on which the indictment or information was preferred) has been held unconstitutional by the trial court. This is the State's only criminal appeal unless the appeal cognizable under Code 1940, T. 15, § 369, habeas corpus, is classified as criminal.

■ The writ of error coram nobis, as is pointed out in the *Lamb* case, supra, is a civil proceeding directed to the conscience of the trial court to protect the purity of its judgments. It is not strictly an adversary proceeding, rather it lies ex parte with the District Attorney being a representative party because the State, as a party plaintiff, obtained the original judgment of conviction.

■ Otherwise, § 14 of the Constitution of 1901 would prohibit coram nobis proceedings altogether since thereunder the State cannot be a defendant. However, since no money or property is at stake in a coram nobis proceeding we are of the view that § 14 of the Constitution does not inhibit the trial courts from reexamining questions of the fact which led to the original judgment of conviction. This power to reexamine was immanent when the indictment was preferred against the convict.

As to the prosecution of an appeal from a judgment granting a new trial after a coram nobis hearing we find nothing in Const.1901, § 167 or Amendment 226 which confers on the District Attorneys any self executing authority to take such action. Nor do the statutes reveal any enabling legislation. Indeed, several acts refer to the duty of the District Attorney to check

appellate transcripts of testimony in "criminal" cases. But coram nobis, as above shown, our courts hold to be civil in nature, independently correcting a criminal judgment.

Aside from the general language in Code 1940, T. 55, § 244, a similar search as to the duties of the Attorney General reveals no mandate for him to take appeals in coram nobis.

Finally, the grand object of the Law is a termination of litigation. Here the State has lost a conviction but it still has the duty to call the defendant to answer the indictment.

■ Accordingly, we hold that, absent an express authorization by the Legislature of some specific officer, an appeal on behalf of the State cannot be entertained where the judgment below grants a convict relief from a judgment of conviction by way of the writ of error, coram nobis. We overrule *Willis,* supra, so far as it might restrain us from acting ex mero motu.

Motion granted; record stricken; appeal dismissed.