This appeal is from an order of the Circuit Court of Jefferson County dismissing an appeal to that court from the Municipal Court of Birmingham.
The appellant was charged in the Municipal Court with driving while intoxicated and with "driving while license suspended or revoked." On January 15, 1979, after a plea bargaining session, the appellant pled guilty to the reduced charge of reckless driving and pled guilty to the second charge as stated. On the first charge he was sentenced to fifteen days at hard labor, which sentence was suspended, and fined $200 plus costs conditioned upon the appellant's completion of a defensive driving school and an alcohol countermeasure course as provided for in § 12-14-13 (d)(9), Code of Ala. 1975.
On the second charge the appellant was given a fifteen day suspended sentence and fined $100 plus costs. The record does not show the second case to have been continued with judgment conditioned upon completion of the driving and alcohol courses.
Judgment was entered in both cases on January 15, 1979; however, the court entered orders allowing the appellant to pay the fines imposed not later than February 20, 1979. Such a procedure is permissible pursuant to § 12-14-10 and -11, Code of Ala. 1975.
After judgment was entered in both cases, the appellant was in the process of receiving further instructions from the bailiff when the bailiff recognized him as having prior convictions. The bailiff informed the prosecutor who immediately announced that the plea bargaining agreement was withdrawn. After some discussion between counsel and the court, the first sentence was set aside. The appellant changed his pleas to "not guilty" and was subsequently found guilty of driving while intoxicated and driving while license suspended. Judgment was again entered on January 15, 1979, in both cases, and the appellant was likewise given an extension of time until February 20, 1979, to pay the fines and costs.
The question of whether the municipal judge could lawfully set aside the reckless driving judgment and sentence once entered and resentence on the driving while intoxicated charge was not presented as an issue in either court below nor on this appeal. See: Brown v. State, Ala.Cr.App., 376 So.2d 1382
[1979].
According to a stipulation of facts in the record, the appellant was advised by his *Page 396 
attorney's secretary that he had until February 20, 1979, to file his appeal bond. However, he submitted appeal bonds on February 12 which were refused as being too late. Counsel for the appellant was later able to persuade the municipal judge on February 27 to resentence the appellant "to allow for appeal."
An appeal was taken to the circuit court where the City's motions to dismiss were granted with the trial court stating:
 ". . . I do think a resentencing would be valid, but I don't think you can resentence or anything without the defendant being there, so therefore it would revert back to the original sentence. Motion to dismiss is granted."
The appellant argues that his presence was not required at the resentencing on February 27 and that the order of that date was valid and the time for appeal ran from that date. The City argues that judgment in both cases was entered on January 15, 1979, and the time for appeal expired fourteen days thereafter (January 29, 1979).
We conclude that the circuit court was correct in dismissing the appeal. It is unnecessary to treat the constitutional issue of whether the appellant's appearance was necessary for a valid resentencing order where he raises no issue concerning his presence. The trial court's ruling was correct in its result whether or not a proper ground was stated as the basis for that ruling.
We hold that a court cannot extend, expand, or otherwise modify the time for perfecting an appeal. A court cannot breathe life into a dead appeal. Under Alabama law the right to appeal is a creature of statute, and such statutes are strictly construed. Hairston v. Alabama, 465 F.2d 675 (5th Cir. 1972). There is no inherent or inalienable right of appeal, but such right is purely statutory. State v. Bibby, 47 Ala. App. 240,252 So.2d 662 (1971).
In the instant case it is apparent that the entry of judgment was January 15, 1979. The granting of an extension of time for payment of the fines did not affect the finality of the judgment nor the running of the time for filing an appeal. Pursuant to § 12-14-70 (c), Code of Ala. 1975, a defendant has only "fourteen days from entry of judgment" to perfect his appeal. The municipal judge was without statutory authority to "resentence" the appellant in any manner whereby the time for filing an appeal would be extended beyond January 29, 1979.
AFFIRMED.
All the Judges concur.