McMILLAN, Judge.
This appeal follows an order of the Houston County Circuit Court dismissing the appellant’s appeal to that court from the Municipal Court of Cottonwood. For the reasons outlined below, the trial court’s order dismissing the appeal is due to be, and it is hereby, affirmed.
The appellant, William Albritton, was charged in the municipal court with driving on the wrong side of the road and driving while under the influence of alcohol, in violation of municipal ordinances. On October 11, 1985, the appellant pleaded not guilty and was tried by the municipal judge and found guilty as charged. He was fined $50.00 plus courts costs for the charge of driving on the wrong side of the road and he was fined $300.00 plus court costs for the charge of driving while under the influence of alcohol. The appeal bond was set at $500.00. Thereafter, on October 22, 1985, the appellant filed notice of appeal and a demand for a jury trial.
On November 1,1985, the City of Cottonwood moved to dismiss the appeal on the grounds that the circuit court was without jurisdiction to hear the case because the appellant had failed to timely file an appeal bond as required under § 12-14r-70(c), Code of Alabama (1975). Subsequently, on November 6,1985, the appellant filed with the circuit clerk a $500.00 bond on each case, “conditional upon his appearing until discharged in the circuit court.” After being arraigned in circuit court and entering a plea of not guilty to each charge, the Honorable Ron Storey of the Circuit Court of Houston County entered an order dismissing the appeal “due to defendant’s failure to timely file his appeal bond.” The defendant now appeals from that order dismissing his appeal to the circuit court of Houston County.
Appellant now asks this court to decide whether “on appeal of [a] municipal court judgment to circuit court, with timely notice of appeal filed and [a] jury trial demanded, may [an] appeal be dismissed for failure to file bond within [the] statutory period, when [the] defendant remains admitted to bail, and subsequently his bond to circuit court is accepted?” Additionally, he contends that his “right to de novo trial by jury is constitutionally protected by due process and equal protection.”
Under Alabama law the right to appeal is a creature of statute, and such statutes are strictly construed. Wood v. City of Birmingham, 380 So.2d 394, 396 (Ala.Cr.App.1980), citing Hairston v. Alabama, 465 F.2d 675 (5th Cir.1972). Additionally, there is no inherent or inalienable right of appeal, but such right is solely statutory. Wood, supra; State v. Bibby, 47 Ala.App. 240, 252 So.2d 662 (1971).
Section 12-14-70(c), Code of Alabama (1975) reads:
“(c) A defendant may appeal in any case within 14 days from the entry of judgment by filing notice of appeal and giving bond, with or without surety, approved by the court or the clerk in an amount not more than $500.00 and costs, as fixed by the court, conditioned upon the defendant’s appearance before the circuit court. The municipal court may waive appearance bond upon satisfactory showing that the defendant is indigent or otherwise unable to provide a surety bond. If an appeal bond is waived, a defendant sentenced to imprisonment shall not be released from custody, but may obtain release at any time by filing *1098 a bond approved by the municipal court. If defendant is not released, the prosecutor shall notify the circuit clerk, and the case shall be set for trial at the earliest practicable time.”
In the instant case, it is apparent that the appellant successfully filed his notice of appeal within the “fourteen days from entry of judgment” as required by § 12-14-70(c). However, it is also apparent that the appellant failed to file the proper appeal bond set by the municipal court within the statutory time limit. Furthermore, there is nothing in the record to indicate that the municipal court waived the appearance bond for any of the reasons prescribed in § 12-14-70(c).
We must agree with the circuit court’s decision in dismissing the appellant’s appeal. The legislature obviously intended that the two requirements of filing a “notice of appeal and giving bond” must be met, unless the municipal court waives the appearance bond for any of the reasons specified in the statute. The manner in which a defendant must perfect an appeal is clearly stated, and, as this court, per Judge Bookout, stated in Wood v. City of Birmingham, supra, “a court cannot extend, expand, or otherwise modify the time for perfecting an appeal. A court cannot breathe life into a dead appeal.” Id. at 396. The appellant’s failure, for whatever reason, to file the appeal bond within the time limit specified by statute is fatal to his appeal.
The importance of the appeal bond has been addressed by the Alabama Supreme Court in Ex parte Hood, 404 So.2d 717, 719 (Ala.1981), wherein the court, quoting the earlier decision in Ex parte McLosky, 210 Ala. 458, 459, 98 So. 708 (1923), held:
“[T]he recitals of the appeal bond suffice to show the trial and conviction of the defendant in the county court, and his appeal from a conviction to the circuit court, thereby giving to the latter court jurisdiction of the cause.”
In affirming the lower court’s decision, the court noted:
"... their appeal bonds were filed by the city on the day after they were made by the petitioners and approved by the court, well within the fifteen day requirement.” Id., at 719-20.
The Alabama Supreme Court’s comment that the “appeal bonds were filed ... well within the fifteen day requirement” reflects the significance of strict adherence to the statutory requirements. Additionally, the fact that the circuit clerk’s office accepted the “appeal bond” after the statutorily permissible time limit had elapsed is of no consequence, since the court was correct in dismissing the appeal for the reasons cited in its order. The appellant’s failure to comply with the statutory requirements of § 12-14-70(c) has precluded his right to a trial by jury.
AFFIRMED.
All the Judges concur.