James A. Scudder, now known as James A. Sanders, petitions this Court for a writ of mandamus directing that he be allowed to represent himself on a direct appeal before the Court of Criminal Appeals. J. Russell Pigott, Scudder's appointed counsel on the direct appeal, petitions this Court for permission to withdraw as Scudder's counsel. We grant both Scudder's petition and Pigott's petition for the writ of mandamus.
Scudder was convicted in the Baldwin Circuit Court on October 7, 1999, on charges of stalking, harassment, and possession of forged instruments. On October 29, 1999, the trial court sentenced Scudder to five years' imprisonment. Scudder gave an oral notice of appeal. Pigott was appointed on November 16, 1999, to act as Scudder's counsel on his direct appeal.[1] On November 17, 1999, Scudder moved for a judgment of acquittal, or, in the alternative, a new trial or arrest of judgment, pursuant to Rule 24.1, Ala.R.Crim.P. The trial court entered an order rejecting, as a basis for Scudder's motion, all of his claims except an ineffective-assistance-of-counsel claim. Scudder then filed in the circuit court a waiver-of-counsel on direct appeal, a notice of termination of Pigott's services, and a request to be allowed to proceed pro se on direct appeal to the Court of Criminal Appeals. The trial court did not rule on these motions, and on January 6, 2000, it ruled that it no longer had jurisdiction over Scudder's case, based on Rule 24.4, Ala.R.Crim.P.
Scudder, on February 7, 2000, filed with the Court of Criminal Appeals a petition for the writ of mandamus. He asked that court to direct the trial court to rule on his motions. The Court of Criminal Appeals dismissed the petition on February 14, 2000, without an opinion. Ex parteScudder, (No. CR-99-0894, February 14, 2000) ___ So.2d ___ (table). On February 23, 2000, Scudder filed in this Court a petition for the writ of mandamus, attacking the Court of Criminal Appeals' dismissal of his mandamus petition (case 1990948). Because Scudder did not comply with Rule 21(e), Ala.R.App.P., we deny that petition.
On March 29, 2000, the Court of Criminal Appeals ordered Pigott to continue representing Scudder. On April 6, 2000, Pigott moved to withdraw as Scudder's counsel; the Court of Criminal Appeals denied his motion. Scudder then filed in this Court a petition for the writ of mandamus (case 1991347), requesting this Court to direct the Court of Criminal Appeals to allow him to proceed pro se on his direct appeal. Meanwhile, Pigott moved again in the Court of Criminal Appeals to be allowed to withdraw as Scudder's counsel on appeal and also moved that court to stay all proceedings on the direct appeal pending this Court's rulings on the two mandamus petitions. The Court of Criminal Appeals denied Pigott's motions; Pigott then filed with this Court a mandamus petition (case 1991519) asking this Court to direct the Court of Criminal Appeals to grant the relief he had sought in his motions to that court.
Subsequently, on May 24, 2000, Pigott filed with the Court of Criminal Appeals a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he could find no meritorious *Page 839 
issues to present in Scudder's direct appeal. On May 25, 2000, the Court of Criminal Appeals notified Scudder that Pigott had filed the Anders
brief, and it then granted Scudder the opportunity to file with that court, on a pro se basis, a document raising any issues he believed to be meritorious. On the same date, this Court entered an order staying all action on Scudder's direct appeal pending our disposition of the three mandamus petitions filed by Scudder and Pigott.
The dispositive issue presented by these petitions is whether a criminal defendant has the right to self-representation on appeal. Recently, the United States Supreme Court has held that criminal defendants have no federal constitutional right to represent themselves on direct appeal from a conviction. Martinez v. Court of Appeal ofCalifornia, Fourth Appellate Dist., 528 U.S. 152, 120 S.Ct. 684 (2000). In Martinez, the defendant, a paralegal with 25 years of experience, represented himself at trial; he was convicted on a charge of embezzlement. Following his conviction, Martinez filed a motion asking to be allowed to represent himself on appeal and purporting to waive counsel; the California Court of Appeal denied his motion and rejected the waiver, on the basis that a defendant has no constitutional right to represent himself on the initial appeal of right and that the denial of the defendant's request to be allowed self-representation at that level did not violate constitutional due-process or equal-protection guarantees. 528 U.S. at 154, 120 S.Ct. at 687. The California Supreme Court denied Martinez's application for review. 528 U.S. at 154,120 S.Ct. at 687. The United States Supreme Court affirmed the judgment of the California Court of Appeal.
In Martinez, the Supreme Court began by distinguishing Faretta v.California, 422 U.S. 806 (1975), the seminal case holding that an accused has the right to represent himself at trial so long as he has made a knowing, voluntary, and intelligent waiver of the right to counsel. The Court stated:
 "The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment. In Faretta v. California, 422 U.S. 806 (1975), we decided that the defendant also `has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so.' Id., at 807. Although that statement arguably embraces the entire judicial proceeding, we also phrased the question as whether a State may `constitutionally hale a person into its criminal courts and there force a lawyer upon him, even when he insists that he wants to conduct his own defense.' Ibid. Our conclusion in Faretta extended only to a defendant's `constitutional right to conduct his own defense.' Id., at 836. Accordingly, our specific holding was confined to the right to defend oneself at trial. We now address the different question whether the reasoning in support of that holding also applies when the defendant becomes an appellant and assumes the burden of persuading a reviewing court that the conviction should be reversed. We have concluded that it does not."
528 U.S. at 154, 120 S.Ct. at 687.
The Court noted that the Sixth Amendment identifies the basic rights an accused shall enjoy in all criminal prosecutions, whether in preparation for trial or at trial. 528 U.S. at 159-61, 120 S.Ct. at 690. The *Page 840 
Sixth Amendment, however, "does not include any right to appeal."528 U.S. at 160, 120 S.Ct. at 690. The right to appeal, as it applies to criminal cases, "`is purely a creature of statute.'" 528 U.S. at 160,120 S.Ct. at 690. Further, the Court stated, "It necessarily follows that the Amendment itself does not provide any basis for finding a right to self-representation on appeal." 528 U.S. at 152, 120 S.Ct. at 690.
The Court went on to discuss the delicate balance a trial judge must strike when a defendant makes a request for self-representation — a balance between the State's interest in ensuring the integrity and efficiency of the trial, and the defendant's interest in acting as his own lawyer. 528 U.S. at 162, 120 S.Ct. at 691. As it applies to the appellate process, the Court stated that "the balance between [these] two competing interests surely tips in favor of the State." 528 U.S. at 154,120 S.Ct. at 691.
Further, the Court made it clear that the narrow holding of Martinez
did not preclude a state from recognizing, under its own constitution, a right to self-representation on appeal. 528 U.S. at 163-64,120 S.Ct. at 692. The Court also noted that many states do "protect the ability of indigent litigants to make pro se filings." 528 U.S. at 163,120 S.Ct. at 692 (citing Anders v. California, 386 U.S. 738 (1967)).
Scudder argues that, in light of Martinez, Art. I, § 6, of the Alabama Constitution of 1901, and Rule 6.1(b), Ala.R.Crim.P., must be read to afford him the right to represent himself on his direct appeal to the Court of Criminal Appeals. Art. I, § 6, reads:
 "[I]n all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; to demand the nature and cause of the accusation; and to have a copy thereof; to be confronted by the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to testify in all cases, in his own behalf, if he elects so to do; and, in all prosecutions by indictment, a speedy, public trial, by an impartial jury of the county or district in which the offense was committed; and he shall not be compelled to give evidence against himself, nor be deprived of life, liberty, or property, except by due process of law. . . ."
Section 6 deals with "all criminal prosecutions" — proceedings that occur only in the trial court. Hussey v. State, 87 Ala. 121, 6 So. 420
(1889) (stating that Art. I, § 7, Ala. Const. of 1875 (mirrored by Art. I, § 6, Ala. Const. of 1901) referred only to the trial stage and not to preliminary motions or other collateral proceedings). The right to appeal a criminal conviction is solely the creature of statute. See Woods v. City of Birmingham, 380 So.2d 394, 396 (Ala.Crim.App. 1980); State v. Bibby, 47 Ala. App. 240, 252 So.2d 662 (Ala.Crim.App. 1971). Just as the United States Supreme Court held in Martinez that the federal Constitution does not guarantee a right to represent oneself on appeal from a criminal conviction, we must hold that the Alabama Constitution of 1901 does not provide any basis for recognizing a right to self-representation on appeal.[2] *Page 841 
In Alabama, the right to appeal a conviction is specifically provided for in § 12-22-130, Ala. Code 1975:
 "A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court."
The right of an indigent appellant to have the assistance of counsel is also statutory. Section 15-12-22, Ala. Code 1975, reads, in pertinent part:
 "(b) If it appears that the defendant desires to appeal and is unable financially or otherwise to obtain the assistance of counsel on appeal and the defendant expresses the desire for assistance of counsel, the trial court shall appoint counsel to represent and assist the defendant on appeal."
These Code sections do not require that an appellant in a criminal case proceed with his appeal through counsel. Section 12-22-130 states that "a person . . . may appeal" and not that "a person may appeal through counsel." Further, § 15-12-22(b) provides for an indigent defendant the opportunity to have counsel appointed for him on his appeal if he "expresses the desire for assistance of counsel." We conclude that, taken together, §§ 12-22-130 and 15-12-22(b) confer upon a defendant in a criminal case the right to represent himself on appeal if he desires to do so.[3] Accordingly, we hold that while an appellant in a criminal case does not have a constitutional right to represent himself on a direct appeal, he does have a statutory right to do so.
Nothing in the record indicates Scudder is mentally incapable of representing himself on appeal; therefore, we grant his petition (in case 1991347) asking us to direct the Court of Criminal Appeals to allow him to represent himself on his direct appeal to that court. Likewise, we grant Pigott's petition asking us to direct *Page 842 
the Court of Criminal Appeals to allow him to withdraw as Scudder's counsel on the direct appeal.
1990948 — PETITION DENIED FOR FAILURE TO COMPLY WITH RULE 21, ALA. R. APP. P.
1991347 — PETITION GRANTED; WRIT ISSUED.
1991519 — PETITION GRANTED; WRIT ISSUED.
Hooper, C.J., and Maddox, Houston, See, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] Pigott is the fourth attorney appointed to represent Scudder since the criminal proceedings against him began.
[2] Nor do the Alabama Rules of Criminal Procedure expressly recognize the right to self-representation on appeal. In order to support his argument, Scudder cites Rule 6.1, Ala.R.Crim.P., which reads:
 "(a) Right to Counsel. A defendant shall be entitled to be represented by counsel in any criminal proceedings held pursuant to these rules and, if indigent, shall be entitled to have an attorney appointed to represent the defendant in all criminal proceedings in which representation by counsel is constitutionally required. . . .
 "(b) Waiver of Right to Counsel. A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. . . . When a defendant waives the right to counsel, the court may appoint an attorney to advise the defendant during any stage of the proceedings."
(Emphasis added).
The Committee Comments following Rule 6, Ala.R.Crim.P., define the term "criminal proceeding" to include "any stage of the criminal process, from accusation through appeal, and in collateral proceedings arising from the initiation of a criminal action against the defendant." Rule 6.1(a), Ala.R.Crim.P., entitles the criminal defendant to be represented by counsel as a right at any stage of the criminal process. However, subsection (b) of the rule, by the first use of the word "may," provides that any waiver of the right to counsel is discretionary with the defendant, subject to the trial court's determination that the defendant has knowingly, voluntarily, and intelligently waived that right. The second use of the word "may" provides that the decision whether to appoint counsel once a criminal defendant has waived his right to counsel is also discretionary with the trial court. This, however, does create an inference that an appellant in a criminal case has the right to self-representation.
[3] Section 34-3-19, Ala. Code 1975, appears as part of Chapter 3 of Title 34; Chapter 3 relates to attorneys-at-law. That section states:
 "The provisions of this article shall not be construed to prevent any person from conducting or managing his own case in any court in this state."
However, § 34-3-19 does not create a right; it limits Title 34 ("Professions and Businesses"), Chapter 3 ("Attorney-At-Law"), Article 1 ("General Provisions"). The effect of § 34-3-19 is to provide that nothing in the general statutory provisions governing attorneys-at-law shall in any way hinder the rights, either statutory or constitutional, regarding self-representation.