[1] The plaintiffs in the other cases are Henry Lee Lewis, James Cecil Redd, John Elba Underwood, Kathryn E. Kilgore, Harry Louie Chandler, Mary Ann Cook, Joe Maye, Winfield Akers, Moses Driver, Sr., Richard Henry Walker, M.C. Murphy, and Bernard Edward Jackson.
Norfolk Southern Railway Company petitions this Court for a writ of mandamus directing Circuit Judge J. Scott Vowell to *Page 470 
vacate his order granting a purported petition to perpetuate the testimony of Dr. Max Rogers for use in 44 prospective, unfiled cases pursuant to Rule 27, Ala.R.Civ.P. We grant the petition and issue the writ.
Norfolk Southern is the defendant in 13 cases pending in the Jefferson County Circuit Court before Judge Vowell. Each plaintiff in these 13 pending cases is a former Norfolk Southern employee who sued Norfolk Southern pursuant to the Federal Employers' Liability Act ("FELA") on the theory that workplace negligence by Norfolk Southern had caused the plaintiff to develop an asbestosis-related disease. Judge Vowell consolidated the cases for discovery. All of these 13 plaintiffs are represented by the same counsel.
On or about July 15, 1999, plaintiffs' counsel noticed the deposition of Dr. Max Rogers for July 27, 1999. Dr. Rogers, a resident of North Carolina, was the ailing 83-year-old former chief surgeon and medical director of Norfolk Southern. The purpose of the deposition was to establish the knowledge, precautions, and omissions of Norfolk Southern in its use of asbestos.
By letter dated July 22, 1999, defense counsel told plaintiffs' counsel that Dr. Rogers's health would not permit him to testify on the scheduled July 27 date but would permit him to testify on August 24, 1999. Thus, the parties rescheduled the deposition to August 24.
According to Norfolk Southern,
 "A few days before taking Dr. Rogers's deposition, plaintiffs' counsel did inform Norfolk Southern's counsel in a telephone conversation that he was `considering' filing a motion to perpetuate Dr. Rogers's deposition testimony for use in some future cases. At that time, Norfolk Southern's counsel informed plaintiffs' counsel that if he wished to use the deposition of Dr. Rogers in future cases, he should either get a proper Rule 27 order from the trial court or (more appropriately) go ahead and file the new cases. Norfolk Southern's counsel then offered to postpone the deposition of Dr. Rogers so that plaintiffs' counsel could have time to take one of these two procedurally proper steps. Plaintiffs' counsel declined the offer to postpone the deposition."
Petition of Norfolk Southern, p. 3 n. 2 (boldface in original; emphasis added). On August 19, five days before the rescheduled date of Dr. Rogers's deposition, plaintiffs' counsel filed, in these 13 pending cases, what purported to be a Rule 27, Ala.R.Civ.P., petition (hereinafter, "the Rule 27 petition") to use the impending deposition of Dr. Rogers to perpetuate his testimony for use in 44 more, similar FELA cases not yet filed but anticipated to be filed.[2] Plaintiffs' counsel did not notify defense counsel of the actual filing of the Rule 27 petition except by mail, which *Page 471 
defense counsel did not receive until after the August 24 taking of Dr. Rogers's deposition. At the deposition the parties' counsel asked Dr. Rogers questions about the knowledge, facilities, equipment, acts, and omissions of Norfolk Southern pertinent to its use and handling of asbestos but asked no questions about any particular plaintiff's employment or exposure.
After Dr. Rogers's August 24 deposition, Judge Vowell heard the Rule 27 petition to perpetuate the testimony for use in the 44 prospective, unfiled cases. At the hearing, Norfolk Southern objected, as it does here, on three grounds. First, the deposition had "already taken place in other actions," the 13 pending cases. That is, the trial court could not grant the Rule 27 petition retroactively. Second, the Rule 27 petition had not been verified. Third, the 44 prospective plaintiffs had not shown why they could not have filed their actions before the deposition. Judge Vowell, however, granted the Rule 27 petition. In his order he found, among other findings:
 "4. that defense counsel did not receive the petition, which listed the petitioners and their job titles, until August 25, 1999, one day after the deposition of Dr. Rogers was taken.
 "5. that the certificate of service indicates that the petition was served by mail on August 19, 1999 upon Crawford McGivaren, Jr., who is both counsel and registered agent for service of process for defendant;
 "6. that the substance of the deposition as taken went to general issues of the railroad's knowledge of asbestos and neither counsel for plaintiff or defendant asked any `plaintiff specific' questions."
Norfolk Southern petitions us for a writ of mandamus directing Judge Vowell to vacate this order. Norfolk Southern objects to the use of the August 24 deposition in the 44 anticipated cases. Norfolk Southern does not object to the use of the deposition in the 13 pending cases.
 "`A writ of mandamus is an extraordinary remedy that requires a showing of (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.'"
Ex parte Bruner, 749 So.2d 437, 439 (Ala. 1999) (quoting Ex parteMcNaughton, 728 So.2d 592, 594 (Ala. 1998)).
Rule 27, Ala.R.Civ.P., provides, in pertinent part:
"(a) Before Action.
 "(1) Petition. A person who desires to perpetuate that person's own testimony or that of another person or to obtain discovery under Rule 34 or Rule 35 regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: (1) that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought, (2) the subject matter of the expected action and the petitioner's interest therein, (3) the facts which the petitioner desires to establish by the proposed testimony and the petitioner's reasons for desiring to perpetuate it, (4) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the *Page 472 
 deposition of the persons to be examined named in the petition, for the purpose of perpetuating their testimony or to seek discovery under Rule 34 or Rule 35 from the persons named in the petition.
 "(2) Notice and Service. The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. At least thirty (30) days before the date of hearing the notice shall be served in the manner provided in Rule 4(b) for service of summons; but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make such order as is just for service by publication or otherwise, and shall appoint, for persons not served in the manner provided in Rule 4(b), an attorney who shall represent them, and, in case they are not otherwise represented, shall cross-examine the deponent. If any expected adverse party is a minor or incompetent the provisions of Rule 17(c) apply."
The first ground of objection advanced by Norfolk Southern, that the trial judge could not grant the Rule 27 petition retroactively, is logical. The second and third grounds, lack of verification and lack of a showing of the 44 prospective plaintiffs' inability to file suit before discovery, are true. On the other hand, the 44 prospective plaintiffs argue that Norfolk Southern does not demonstrate or even argue that it has suffered or will suffer prejudice from Judge Vowell's order.
This dispute, however, is eclipsed by a more profound defect in the petition filed and procedure pursued by the 44 prospective plaintiffs. We are obliged to recognize an absence of subject-matter jurisdiction obvious from a record, petition, or exhibits to a petition before us.Nunn v. Baker, 518 So.2d 711 (Ala. 1987).
Rule 27, authorizing discovery before the filing of a complaint, requires that the petitioner file an independent action for relief. 6 James W. Moore et al., Moore's Federal Practice § 27.02[3] (3d ed. 1997). Absent filing of the independent action, the trial court acquires no jurisdiction to grant the relief sought. See De-Gas, Inc. v. MidlandRes., 470 So.2d 1218 (Ala. 1985). Cf. Boshell v. Lay, 596 So.2d 581, 583
(Ala. 1992). An order issued by a trial court without jurisdiction is a nullity. Ex parte Hornsby, 663 So.2d 966 (Ala. 1995), and Moore v. Ashe,269 Ala. 359, 113 So.2d 678 (1959). In this case, the 44 prospective plaintiffs did not file a separate action. Instead, they filed their Rule 27 petition in the 13 pending cases. Consequently, the perpetuation order by the trial court is a nullity. Id.
This resolution is as reasonable as it is mandatory. Rule 27, like all of the rules, is formulated to ensure fairness to all of the parties. Rule 1(c), Ala.R.Civ.P. The practical unfairness of the 44 prospective plaintiffs' disregarding the Rule 27 requirement to file a separate action and piggybacking their Rule 27 petition on the 13 pending cases is that they thereby presumed to preempt or at least to infringe the prerogative of the defendant to defend the 44 prospective actions in a different way or by different counsel than in the 13 pending cases.
On the one hand, the 44 prospective plaintiffs argue, in effect, that Dr. Rogers's failing health required haste in deposing him and thus justified all of the 44 prospective plaintiffs' shortcuts through the procedures specified by Rule 27. On the other hand, the more likely solution would be to abide by the plain requirements of *Page 473 
Rule 27 and to apply to the trial court to exercise its equitable or other power to meet an emergency by shortening the defendants' deadlines. See, e.g., Rule 30(a), Ala.R.Civ.P.
The mandamus materials before us disclose an absence of jurisdiction in the trial court and thereby require the relief sought by Norfolk Southern. Accordingly, we grant the petition for a writ of mandamus and issue the writ directing the trial judge to vacate his order granting the Rule 27 petition to perpetuate the testimony of Dr. Max Rogers.
WRIT ISSUED.
Houston, See, Lyons, Brown, Harwood, and Stuart, JJ., concur.
Moore, C.J., and Woodall, J., concur in the result.
[2] The Rule 27 petitioners are Cynthia A. Atkinson; Charles S. Baggett; Leon Ballard; Coleman Baylor; John Bradley; Phillip D. Brewester; Dewey Browder; Sherman Brown; Earnest Carrington; John Edward Clark; Danny Earl Clay; Richard Collins; James N. Cox; Ronald Dorough; J.B. Ervin, Jr.; John Florence; George Forman; Robert P. Gibson; L.P. Golson; Arnold W. Higgenbotham; David R. Hill; Jack Jennings; Jonathon L. Johnson; Fred B. Kent; Fredrick W. Kidd; Henry Lewis; Dexter Massey; Joseph McCleney; Daniel Ray McInnish; Willie McSwain; Eugene Mines; James H. Murray; Charles Niles; William Joe Peoples, Jr.; Anthony J. Pitts; John Prather; Samuel Seltzer; E.D. Shamburger; Dennis Smith; Jimmy L. Smith; Leslie Smith; Johnnie Snow; Aubrey Staples; and Charles H. Stewart.