Rel: July 11, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2025

_____

## CL-2025-0038

_____

## Sonja R. Haney

### v.

## City of Alabaster

## Appeal from Shelby Circuit Court
### (CV-23-901008)

EDWARDS, Judge.

Sonja R. Haney appeals from an order entered by the Shelby Circuit Court ("the circuit court") dismissing Haney's appeal from a judgment entered by the Alabaster Municipal Court ("the municipal court") that declared Haney's dog to be dangerous and ordered that the dog be

humanely euthanized pursuant to Ala. Code 1975, § 3-6A-4, which is a part of Emily's Law, Ala. Code 1975, Title 3, Chapter 6A. For the reasons explained below, we dismiss the appeal, albeit with instructions to the circuit court.

<u>Procedural Background</u>

On July 26, 2023, the City of Alabaster ("the city") filed a petition in the municipal court seeking a declaration that a dog that was owned by Haney was dangerous. A trial on the city's petition was conducted on November 15, 2023. That same day, the municipal court entered a judgment that found that Haney's dog, without justification, had bitten and caused serious injury to a person, that the dog was dangerous, and that the dog had a propensity to cause future serious physical harm or death. Based on those findings, the municipal court ordered that Haney surrender the dog to impound within 14 days; that, pursuant to § 3-6A-4, the dog be held in impound while any appeal from the judgment was pending; and that, upon the resolution of any appeal in the City's favor or the expiration of the period during which Haney could appeal the judgment without an appeal having been filed, the dog be euthanized.

Haney did not seek postjudgment relief from the municipal court's judgment.

On November 28, 2023, Haney, on her own behalf, filed in the municipal court a notice of appeal to the circuit court, an affidavit of substantial hardship, and a form entitled "Motion and Affidavit in Support of Motion for Leave to Appeal in Forma Pauperis."[1] On November 29, 2023, Haney's counsel filed in the municipal court a document entitled "Notice of Appeal and Motion for Leave," in which Haney's counsel asserted that Haney was seeking leave to proceed with her appeal in forma pauperis ("IFP") without the prepayment of the filing fee. In the unverified motion, Haney's counsel alleged, among other things, that, on November 28, 2023, Haney had personally appeared at the municipal-court clerk's office to file a notice of appeal but that an employee of the clerk's office had refused to provide Haney with the

---

[1]Although it appears from the record on appeal that those three filings were electronically filed in the circuit court on December 12, 2023, the city concedes in its brief to this court, as well as in its response to Haney's motion to correct and supplement the record on appeal and her motion to suspend the time for the filing of briefs, that those filings had been timely filed in the municipal court on or about November 29, 2023.

appropriate form and had stated that Haney could not file a notice of appeal unless Haney paid a $500 appeal bond.

On December 27, 2023, the circuit court entered an order that purported to find that Haney was not indigent. That same day, the city filed in the circuit court a motion to dismiss Haney's appeal pursuant to Rule 12(b)(1), Ala. R. Civ. P. In its motion, the city alleged that Haney's appeal should be dismissed because Haney's notice-of-appeal form was not fully completed because she had failed to certify that she had served a copy of the notice of appeal on the city; because Haney had failed to pay a $500 appeal bond despite having indicated on the notice-of-appeal form that she had done so; and because Haney had not signed the notice-of-appeal form as surety for the costs of the appeal. Those defects, according to the city, deprived the circuit court of subject-matter jurisdiction over Haney's appeal.

On March 14, 2024, the circuit court entered an order granting the city's motion to dismiss Haney's appeal to the circuit court. That order provided: "Motion to Dismiss filed by the [city] is hereby GRANTED. This appeal of the [o]rder of the Alabaster Municipal Court by [Haney] is hereby DISMISSED, with prejudice, pursuant to Ala. [R.] Civ. P. 12(b)(1),

4

as this court lacks subject[-]matter jurisdiction over this matter." (Capitalization in original.) Haney filed a timely postjudgment motion seeking to alter, amend, or vacate the circuit court's March 14, 2024, order of dismissal. She requested a hearing on her postjudgment motion; however, that request was implicitly denied when the circuit court allowed Haney's postjudgment motion to be denied by operation of law on July 13, 2024. See Rule 59.1, Ala. R. Civ. P.

On August 26, 2024, Haney filed a notice of appeal to our supreme court; that court transferred the appeal to this court after that court concluded, pursuant to Coprich v. Jones, 406 So. 3d 58 (Ala. 2024), that this court was the appropriate appellate forum. The supreme court further stated in its transfer order that, should this court determine that the amount in controversy exceeds the $50,000 monetary limit of this court's general civil appellate jurisdiction, this court was nonetheless to hear the appeal pursuant to our supreme court's discretionary transfer authority under subsection (6) of Ala. Code 1975, § 12-2-7. In compliance with our supreme court's directives, see Ala. Code 1975, § 12-3-16, we proceed to consider Haney's appeal.

<u>Discussion</u>

We first observe that Haney has no right to appeal from the circuit court's dismissal order.  <u>See</u> § 3-6A-4(i).

> "Under Alabama law[,] the right to appeal is a creature of statute, and such statutes are strictly construed. <u>Wood v. City of Birmingham</u>, 380 So. 2d 394, 396 (Ala. Cr. App. 1980), citing <u>Hairston v. Alabama</u>, 465 F.2d 675 (5th Cir. 1972). Additionally, there is no inherent or inalienable right of appeal, but such right is solely statutory. <u>Wood</u>, supra; <u>State v. Bibby</u>, 47 Ala. App. 240, 252 So. 2d 662 (1971)."

<u>Albritton v. Municipality of Cottonwood</u>, 491 So. 2d 1096, 1097 (Ala. Crim. App. 1986).

Section 3-6A-4(i) provides that

> "[t]he pleading and practice in all cases to petition the court to declare a dog to be dangerous under this section shall be in accordance with the Alabama Rules of Civil Procedure and rules of the courts governing municipal courts[2] in this state unless otherwise specified by this chapter [i.e., Emily's Law. Any judicial determination in municipal court or district court that a dog is dangerous may be appealed to the circuit court pursuant to the requirements of the Alabama Rules of Civil Procedure and <u>the order of the circuit court shall be final</u>."

---

[2]Neither party has provided this court with a copy of any city ordinances or local rules that govern the municipal court, and this court may not take judicial notice of any such rules or ordinances in the absence of statutory authority.  <u>See</u> <u>Jackson v. Brewer</u>, 257 So. 3d 310, 314 (Ala. Civ. App. 2017).

(Emphasis added.) Because the right to appeal is a creature of statute, see Wood v. City of Birmingham, 380 So. 2d 394, 396 (Ala. Crim. App. 1980), and because orders entered by the circuit court pursuant to § 3-6A-4 are final and are not appealable to this court, see § 3-6A-4(i), we lack jurisdiction to entertain Haney's appeal to this court. That determination, however, does not prohibit this court from exercising limited jurisdiction over this matter.

It is well established that

"[t]his court has both statutory and constitutional authority to review the decisions of inferior tribunals via a petition for a writ of certiorari. Section 12-3-8, Ala. Code 1975, provides: 'The judges of [the Court of Civil Appeals] shall each have authority to issue writs of certiorari and to grant orders for stays of judgments or orders to all inferior courts and injunctions, subject to the limitations prescribed by law.' Section 12-3-11, Ala. Code 1975, grants to this court the 'authority to grant injunctions and issue writs of habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction ....' Furthermore, Art. VI, § 141(c), Ala. Const. 1901, grants this court 'the power to issue all writs necessary or appropriate in aid of appellate jurisdiction of the courts of appeals.' "

South Alabama Skills Training Consortium v. Ford, 997 So. 2d 309, 332 (Ala. Civ. App. 2008). We therefore elect to treat Haney's appeal as a

7

petition for the writ of certiorari. See Ex parte Johnson, 332 So. 3d 910, 914 (Ala. Civ. App. 2020).

In Wiggins v. City of Evergreen, 295 So. 3d 43 (Ala. 2019), the supreme court set forth the standard of review applicable to a petition for a common-law writ of certiorari:

> "'The ... standard of review of a petition for a common-law writ of certiorari is well settled. On a petition for a common-law writ of certiorari, the ... "scope of review [is] limited to determining if the decision ... [is] supported by legal evidence and if the law [has] been correctly applied to the facts." Evans v. City of Huntsville, 580 So. 2d [1323,] 1325 [(Ala. 1991)]. "In addition, the court [is] responsible for reviewing the record to ensure that the fundamental rights of the parties, including the right to due process, [have] not been violated." Id. "Questions of fact or weight or sufficiency of the evidence will not be reviewed on certiorari." Personnel Bd. of Jefferson County v. Bailey, 475 So. 2d 863, 868 (Ala. Civ. App. 1985).

> > "'"'"[A] common-law writ of certiorari extends only to questions touching the jurisdiction of the subordinate tribunal and the legality of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed, unless specially authorized by statute...."'"'

> "'G.W. v. Dale County Dep't of Human Res., 939 So. 2d 931, 934 n.4 (Ala. Civ. App. 2006) (quoting City of Birmingham v. Southern Bell Tel. & Tel. Co., 203 Ala. 251, 252, 82 So. 519, 520 (1919)).'"

295 So. 3d at 48 (quoting Hicks v. Jackson Cnty. Comm'n, 990 So. 2d 904, 910 (Ala. Civ. App. 2008) (plurality opinion)).

Although neither party has raised the issue of the circuit court's jurisdiction, it is well settled that "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So. 2d 711, 712 (Ala. 1987). "We are obliged to recognize an absence of subject-matter jurisdiction obvious from a record, petition, or exhibits to a petition before us." Ex parte Norfolk S. Ry. Co., 816 So. 2d 469, 472 (Ala. 2001). Unquestionably, a judgment entered by a trial court that lacks subject-matter jurisdiction is void and is a nullity. Id. Thus, we must first determine whether the circuit court acquired subject-matter jurisdiction over Haney's appeal from the municipal court's judgment.

The procedure for appealing a judgment entered by a municipal court to a circuit court is set forth in § 12-14-70(c), Ala. Code 1975, which provides, in pertinent part:

> "A defendant may appeal in any case within 14 days from the entry of judgment by filing notice of appeal and giving bond, with or without surety, approved by the court or the clerk in an amount not more than twice the amount of the fine and costs, as fixed by the court, or in the event no fine is levied the bond shall be in an amount not to exceed $1,000.00, as fixed

> by the court, conditioned upon the defendant's appearance before the circuit court. <u>The municipal court may waive appearance bond</u> upon satisfactory showing that the defendant is indigent or otherwise unable to provide a surety bond."

(Emphasis added.) The Alabama Court of Criminal Appeals has held that, by enacting § 12-14-70(c), "[t]he legislature obviously intended that the two requirements of filing a 'notice of appeal <u>and</u> giving bond' <u>must</u> be met, unless the municipal court waives the appearance bond for any of the reasons specified in the statute." <u>Albritton</u>, 491 So. 2d at 1098.

In the present case, it is undisputed that, on November 29, 2023, Haney filed in the municipal court a timely notice of appeal and a request to proceed IFP. <u>See</u> § 12-14-70(c). In her brief to this court, Haney asserts that, § 3-6A-4(i), which provides that "[t]he pleading and practice in all cases to petition the court to declare a dog to be dangerous under this section shall be in accordance with the Alabama Rules of Civil Procedure and rules of the courts governing municipal courts in this state unless otherwise specified by" Emily's Law, exempts her from the obligation of paying a bond. Haney cites <u>Ex parte City of Andalusia</u>, 324 So. 3d 872 (Ala. Crim. App. 2020) (per Minor, J., with one Judge concurring and one Judge concurring in the result), to support her

10

assertion. Alternatively, Haney asserts that, following a hearing, the municipal court granted her IFP request. The city argues that Haney's IFP request was invalid because it was "not sworn to" and because that request was filed in the circuit court and not in the municipal court, as is required by § 12-14-70(c). Alternatively, the city contends that the circuit court denied Haney's IFP request.

Initially, to the extent that Haney argues, based on the language of § 3-6A-4(i) and the main opinion in City of Andalusia, that she was not required to pay a bond to perfect her appeal from the municipal court's judgment, we disagree. In City of Andalusia, the defendant was convicted of 12 criminal offenses in the Andalusia Municipal Court. 324 So. 3d at 873. Following the defendant's convictions, the defendant's attorney filed a notice of appeal with the clerk of the Andalusia Municipal Court. One week later, the defendant, acting pro se, filed a petition for an appeal bond and a petition for a writ of habeas corpus in the Covington Circuit Court. Id. On the 14th day after his convictions, the defendant moved the Andalusia Municipal Court for a waiver of the appeal bond and an extension of time to perfect his appeal. 324 So. 3d at 874. That same day, the Andalusia Municipal Court entered an order stating both

11

that the defendant had not filed an appeal bond and that the Andalusia Municipal Court had not denied the defendant an appeal bond. The Andalusia Municipal Court directed its clerk to transfer the appeal to the Covington Circuit Court for that court to determine whether the appeal had been perfected. Id.

The Covington Circuit Court conducted a hearing to consider the defendant's request for, or a waiver of, an appeal bond and to consider the City of Andalusia's motion to dismiss the defendant's appeal. Id. The Covington Circuit Court subsequently entered an order that granted the defendant's motion for an appeal bond, which the circuit court set at $2,000, and denied the City of Andalusia's motion to dismiss. The circuit court also reversed the municipal court's failure to grant the defendant's request for a waiver of the appeal bond. Id.

The City of Andalusia filed in the Court of Criminal Appeals a petition for the writ of mandamus requesting that that court direct the Covington Circuit Court to grant the City of Andalusia's motion to dismiss the defendant's appeal. Id. The main opinion of the Court of Criminal Appeals summarized the issue before that court as follows:

"So far as we can determine, neither this Court nor the Alabama Supreme Court has addressed the question

12

presented in this case: May an indigent defendant seeking to appeal a municipal-court conviction under § 12-14-70, Ala. Code 1975, and Rule 30, Ala. R. Crim. P.,[3] perfect that appeal by timely filing a notice of appeal and timely requesting a waiver of an appeal bond within the 14-day time in Rule 30.3, Ala. R. Crim. P., and § 12-14-70, Ala. Code 1975?"

324 So. 2d at 876.

The main opinion determined that, under the circumstances of that case, the defendant's "timely filing of the notice of appeal and his timely request for a waiver of the appeal bond based on indigency were sufficient to perfect his appeal to the [Covington] [C]ircuit [C]ourt." Id. Although the main opinion noted that the Covington Circuit Court had stated that it was "'unclear exactly what [had] occurred'" in the Andalusia Municipal Court regarding the defendant's request for a waiver of the appeal bond, the opinion concluded that the Covington Circuit Court had properly treated the defendant's request as having been denied. Id. The main opinion, citing Rule 24.4, Ala. R. Crim. P., which provides, in pertinent part, that "[a] failure by the trial court to rule on [a posttrial] motion within sixty (60) days … shall constitute a denial of the motion as of the

---

[3]Rule 30.3, Ala. R. Crim. P., recognizes the statutory right to appeal found in § 12-14-70 and governs the perfection of an appeal from a district-court or municipal-court conviction.

13

sixtieth day," and Rule 24.5, Ala. R. Crim. P., which reduces the time that a posttrial motion may remain pending in the municipal court from 60 days to 14 days, determined that the defendant's motion had been denied by operation of law because the Andalusia Municipal Court had failed to take action on that motion. Based on those determinations, the main opinion concluded that the City of Andalusia's mandamus petition should be denied.

In the current case, the record is similarly devoid of any document establishing that the municipal court ruled on Haney's IFP request.[4] However, Haney's IFP request could not have been denied by operation of law as was the defendant's similar motion in City of Andalusia. Section 3-6A-4(i) specifically provides that the Alabama Rules of Civil Procedure are to be applied in an action to declare a dog to be dangerous and any subsequent appeal to the circuit court. The Rules of Civil Procedure, like the Rules of Criminal Procedure, provide that certain motions are denied when a trial court fails to timely rule upon them. See

---

[4]In her brief to this court, Haney fails to direct this court to any document within the record on appeal that establishes that the municipal court ruled on her IFP request. Moreover, this court cannot locate any document within the record to support Haney's assertion. Thus, we reject Haney's contention that the municipal court granted her IFP request.

Rule 59.1, Ala. R. Civ. P. Specifically, Rule 59.1 provides that postjudgment motions filed pursuant to Rules 50, 52, 55, or 59, Ala. R. Civ. P., shall not remain pending in a trial court for more than 90 days; Rule 59.1(dc), Ala. R. Civ. P., which governs procedures in the district courts, reduces the 90-day period to 14 days, absent certain exceptions that are not applicable to the current case.[5] Thus, because Haney's motion requesting to proceed IFP is not one of the enumerated postjudgment motions subject to automatic denial by operation of law pursuant to Rule 59.1, including Rule 59.1(dc), the municipal court's failure to rule on Haney's IFP request did not result in its denial. Furthermore, because Haney's IFP request was not denied by operation of law, the circuit court did not acquire jurisdiction over Haney's appeal or acquire jurisdiction to review Haney's still-pending IFP request.

---

[5]The Rules of Civil Procedure are not applicable to municipal courts unless a statute, like § 3-6A-4(i), makes them applicable. See Rule 1(a), Ala. R. Civ. P. Because the time for the filing of a notice of appeal from a judgment of a municipal court is identical to the time for filing a notice of appeal from a judgment of a district court, i.e., 14 days, we conclude that the application of the Rules of Civil Procedure to municipal-court proceedings would require the application of subdivisions (dc) of those rules relevant to this discussion.

To the extent that the city argues that Haney's IFP request was invalid because it was unsworn and because the IFP request was filed in the circuit court and not the municipal court, we disagree. It is undisputed that Haney's IFP request was unsworn; however, the city cites no authority showing that Haney's IFP request must be sworn. The Alabama Supreme Court has held that statutory-verification requirements may be subject to waiver. See, e.g., Ex parte Collins, 84 So. 3d 48, 53 (Ala. 2010) ("[T]he verification of the petition does not limit the power of the circuit court to adjudicate the petition. ... [I]f the respondent does not properly raise the verification requirement in the circuit court, that issue is waived."). Also, the city has not shown that it objected to the lack of verification of the IFP request in the municipal court or in the circuit court.

Similarly, we reject the city's argument that Haney improperly filed her IFP request in the circuit court instead of the municipal court as required by § 12-14-70(c). The city opines that the style of the motion containing Haney's IFP request, which indicates that it was being filed in the circuit court, and the "order" portion located at the bottom of the form IFP-request document, which indicated that it was to be signed by

16

the "[c]ircuit [j]udge," both establish that Haney's IFP request was filed

not in the municipal court but in the circuit court.  The city's brief, pp.

19-20.  However, the city's assertions belie its own averments to this

court.

In the "Statement of Facts" portion of its brief to this court, the city

concedes that,

> "[o]n December 6, 2023, Haney and her counsel appeared
> before the [municipal court] for a hearing regarding her
> request for leave to proceed [IFP], at which the municipal[-
> ]court judge declined to find her indigent or enter any order
> waiving the requirement that she provide security for costs on
> appeal, but instead deferred the issue to the [circuit court] to
> decide with respect to costs."

The city's brief, pp. 10-11.  Moreover, in its January 2, 2025, response to

Haney's "Motion to Correct and Supplement Record on Appeal & Motion

to Suspend Time for Filing Briefs," which was filed in this court, the city

states:

> "8. [Haney] avers that the Alabaster Municipal Court
> issued a ruling on December 6, 2023, 'approving [Haney]'s
> request to proceed on appeal [IFP], without first paying the
> docketing fee and security for cost[s].' (Mot. To Correct Record
> at ¶34). [The city] does not dispute that a hearing was held in
> the municipal court, pursuant to [Haney]'s request, regarding
> her Motion for Leave to Proceed [IFP], but does dispute that
> the municipal court granted her motion. Pursuant to
> [Haney]'s unsourced quotation of the municipal[-]court judge,
> no decision was made; rather, he purportedly stated[,] 'we'll

17

go ahead and send that over to the county and ummm let the circuit judge look at it.' (Id. at ¶17)."

Thus, the city argues that, on December 27, 2023, the circuit court denied Haney's IFP request in its "Order on Affidavit of Substantial Hardship." The city's brief, p. 11. In her reply brief, Haney disputes the city's assertion that the circuit court's "Order on Affidavit of Substantial Hardship" was a denial of her IFP request. She asserts that "[t]he record is absent the requisite written findings that would exist had the [m]unicipal [c]ourt denied Haney's IFP [request] or denied her right to proceed [IFP] on appeal." Haney's reply brief, p. 7.

As previously noted, the record on appeal does not contain any document establishing that the municipal court ruled on Haney's IFP request. This court need not determine whether the circuit court's "Order on Affidavit of Substantial Hardship" was, as alleged by the city, a denial of Haney's IFP request or whether that order was, as Haney argues, directed solely at her "Affidavit of Substantial Hardship." Section 12-14-70(c) provides, in pertinent part, that "[t]he municipal court may waive appearance bond upon satisfactory showing that the defendant is indigent or otherwise unable to provide a surety bond." (Emphasis added.) The municipal court failed to perform its duty to consider and

18

rule on Haney's IFP request or to decide whether to waive the appeal bond, and its failure to do so prevented the vesting of subject-matter jurisdiction over Haney's appeal in the circuit court.

Conclusion

This court has both statutory and constitutional authority to review the decisions of inferior tribunals via a petition for a writ of certiorari. See Ford, 997 So. 2d at 332. That authority, however, is limited to questions touching jurisdiction of the subordinate tribunal. See Woodward Iron Co. v. Bradford, 206 Ala. 447, 450, 90 So. 803, 804-05 (1921). The filing of a timely notice of appeal and the giving of a bond are required to perfect an appeal from the municipal court to the circuit court, unless the municipal court waives the bond. See Albritton, 491 So. 2d at 1098. Because the record on appeal does not establish that the municipal court ruled on Haney's IFP request, we conclude that the circuit court did not acquire subject-matter jurisdiction over Haney's appeal and that it therefore lacked jurisdiction to enter its order dismissing Haney's appeal; thus, the circuit court's order dismissing Haney's appeal is void. See Norfolk S. Ry., 816 So. 2d at 472. Accordingly, the appeal is dismissed, albeit with instructions to the

19

circuit court to set aside its void order, and to take any and all further actions necessary to return this matter to the municipal court for adjudication of Haney's IFP request and to decide whether to waive the appeal bond. If the municipal court grants Haney's request and waives the appeal bond, Haney's appeal to the circuit court will be perfected and the circuit court will acquire jurisdiction. If the municipal court denies the IFP request, Haney must be provided with a reasonable time to pay the required bond to perfect her appeal to the circuit court.

APPEAL DISMISSED WITH INSTRUCTIONS.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.